IN THE MATTER OF THE APPLICATION OF MARTHA HAILI KAMAU TO REGISTER AND CONFIRM HER TITLE TO LAND SITUATE ON SCHOOL STREET, HONOLULU, TERRITORY OF HAWAII.

No. 2067.

SUBMITTED MARCH 10, 1933.          DECIDED MARCH 16, 1933.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PERRY, C. J.

The Central Korean Christian Church, an eleemosynary corporation, filed a petition in the land court of the Territory alleging that it is the registered owner of land held under Transfer Certificate of Title number 5924; that on July 30, 1931, without the consent or knowledge of the petitioner, a mortgage of that date of the premises described in certificate number 5924 was executed by three named persons purporting to act respectively as president, secretary and treasurer of the petitioner in favor of the Dong Heung Mortgage & Guaranty Company, Limited, a Hawaiian corporation, the consideration recited being the sum of $6000, and that the document was filed in the office of the assistant registrar of the land court as land court document number

24540; that the three persons who executed the mortgage "were not and since said date at no time have been the officers" of the petitioner "and had no authority whatever from" the petitioner "to execute said mortgage, and that the execution thereof was invalid and void and without legal effect and is not binding" on the petitioner; that the mortgagee named had, at the time of the execution of the mortgage, full knowledge that it was executed by persons unauthorized to execute it; that the petitioner has received no part of the sum of $6000 named in the mortgage and that no part of that sum has been expended or used for the benefit of the petitioner; that on July 30, 1931, the acting assistant registrar of the land court "entered a memorandum on Transfer Certificate of Title No. 5924 showing said mortgage as an outstanding incumbrance on the property described in said Transfer Certificate of Title No. 5924; that said memorandum constitutes a void and illegal incumbrance" on the certificate and title "and for that reason should be canceled and stricken" from the certificate. The prayer is that the memorandum on the certificate be canceled.

The respondents include the mortgagee named in the mortgage and the three persons who executed the mortgage as officers of the petitioning corporation. They deny the truth of the allegations concerning lack of authority and invalidity of the mortgage and also claim that the petition fails to state facts sufficient to entitle the petitioner to any relief. The land court, treating the answer as a demurrer, held that the petitioner's remedy was in a court of equity (with power subsequently in the land court to order a cancellation of the memorandum if the court of equity holds the mortgage to be invalid) and that it is without jurisdiction to hear the controversy disclosed by the petition and the answer and dismissed the petition.

Section 3298, R. L. 1925, being part of chapter 186

relating to the court of land registration, provides that "any registered owner * * * may at any time apply by petition to the court" (meaning the land court), "upon the ground that * * * any error, omission or mistake was made in entering a certificate or any memorandum thereon, * * * and the court shall have jurisdiction to hear and determine the petition after notice to all parties in interest and may order the * * * cancellation of a memorandum upon a certificate, or grant any other relief upon such terms and conditions * * * as it may deem proper. * * * Any petition filed under this section * * * shall be filed and entitled in the original case in which the decree of registration was entered." The language of this provision is clear and unambiguous. It constitutes an express grant of power to the land court to receive and to hear and determine any petition by a registered owner alleging that any error, omission or mistake was made in entering a memorandum upon a certificate of title and of the further power, after such hearing and determination, to order a cancellation of the memorandum if the facts and the law require that conclusion. If the facts alleged by the petitioner in its petition and above briefly recited are true, an error was certainly committed by the assistant registrar in entering on the certificate a memorandum to the effect that the petitioner's ownership was encumbered by the mortgage referred to and in that event the memorandum ought to be canceled. Upon all of the facts stated in the petition a mortgage was not executed by or on behalf of the petitioner and the document noted in the memorandum is not the mortgage of the petitioner and the memorandum indicating that it is constitutes a cloud upon the title of the petitioner which ought to be removed. The provision of the section is that *any* error in the memorandum on the certificate may be corrected. No exception is made in favor of an error such as that dis-

closed by the allegations of the petition.

It is true that a court of equity would have jurisdiction to cancel the mortgage. The question before us, however, is whether the land court has jurisdiction. The mere fact that a court of equity, if applied to, could entertain the petition does not deprive the land court of the power expressly granted to it by the statute to hear applications of a similar nature. We find nothing in the other sections of the chapter relating to the land court which militates against this view.

The decree dismissing the petition is set aside and the cause is remanded to the land court for further proceedings not inconsistent with this opinion.

*Prosser, Anderson, Marx & Wrenn* for plaintiff in error.

*R. J. O'Brien* for defendants in error.

